298 F.2d 641
 Stanley E. HENWOOD, Richard I. Roemer, Lewis M. Poe,
individually, as members of the United Industrial
Corporation Stockholders' Protective Committee and as
proxies of said Committee, James V. Armogida, Robert G.
Ballance, Fred A. Beshara, Nathaniel R. Dumont, Joe L. Foss,
William D. Lawry, Elmer M. Luther, Jr., Edward H.
McLaughlin, Charles Soderstrom, John A. Steel, Clarence L.
Summers, Roy L. Williams, Louis W. Wulfekuhler, Alfred T.
Zodda, individually and as members of the United Industrial
Corporation Stockholders' Protective Committee, Bernard F.
Gira and Herbert J. Petersen, and United Industrial
Corporation, a corporation, Defendants and Appellants,
v.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff and Appellee,
and UnitedIndustrial Corporation, Defendant and Appellee.
 No. 17591.
 United States Court of Appeals Ninth Circuit.
 Jan. 17, 1962.
 
 Vaughan, Brandlin, Baggot, Robinson & Roemer, Mark P. Robinson, Los Angeles, Cal., for appellants Stockholders' Pro. Com.
 Kendrick, Schramm & Stolzy, Elwood S. Kendrick, John P. Scholl, Jack Corinblit, Los Angeles, Cal., for appellants Gira & Peterson.
 Peter A. Dammann, Gen. Counsel, Walter P. North, Asst. Gen. Counsel, John A. Dudley, S.E.C., Washington, D.C., F. E. Kennamer, Asst. Gen. Counsel, S.E.C., San Francisco, for appellee S.E.C.
 Raichle, Moore, Banning & Weiss, Frank G. Raichle, Buffalo, N.Y. (James O. Moore, Jr., Ralph L. Halpern, Buffalo, N.Y., of counsel), for appellee United Industrial Corp.
 Before BARNES and HAMLIN, Circuit Judges, and SOLOMON, District Judge.
 PER CURIAM.
 
 
 1
 This action was brought by the Securities and Exchange Commission[1] for alleged violation on the part of appellants of Section 14(a) of the Securities and Exchange Act of 1934 (15 U.S.C. 78n(a)) and of Regulation 14, 17 C.F.R. 240.14, promulgated thereunder. Jurisdiction below rested on 15 U.S.C. 78(aa). This court has jurisdiction to review the judgment and permanent restraining order issued below.
 
 
 2
 In this action, time is of the essence. We have examined with great care the six briefs, with their appendices, which have been filed herein. We have examined with care so much of the voluminous nineteen volume record as was specifically brought to our attention in the briefs and oral argument, and which we deem necessary for an understanding of the action.
 
 
 3
 We hold that there exists sufficient evidence in the record to affirm some, but not all, of the findings of fact and conclusions of law based thereon made by the trial judge. We therefore modify the judgment rendered below to read as follows:
 
 
 4
 'I.
 
 
 5
 'IT IS ORDERED, ADJUDGED AND DECREED that the defendants United Industrial Corporation Stockholders' Protective Committee, Stanley E. Henwood, Richard I. Roemer, and Lewis M. Poe, individually and as members of and proxies for said Stockholders' Protective Committee, associates, substitutes, agents, employees and attorneys of said Stockholders' Protective Committee, and the defendants Bernard F. Gira and Herbert J. Petersen, their agents, employees, and attorneys, and all persons acting in concert or participation with any of said defendants, be and they hereby are permanently restrained and enjoined from, directly or indirectly, making use of the mails or any means or instrumentality of interstate commerce or of any facility of any national securities exchange to solicit or to permit the use of their names to solicit any proxy in respect of the common or preferred stock of UIC, or otherwise soliciting any such proxy, by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which at the time and in the light of the circumstances under which it is made is false and misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading, or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy which has been or has become false or misleading, including the following:
 
 
 6
 '(i) omitting to state that the defendants Bernard F. Gira and Herbert J. Petersen were either directly or indirectly instrumental in initiating the UIC Stockholders' Protective Committee and in securing one or more of the slate of directors for membership on the board of directors of UIC, in opposition to the slate of directors formulated by the management of UIC;
 
 
 7
 '(ii) omitting to state that the defendants Bernard F. Gira and Herbert J. Petersen have participated with representatives of the Stockholders' Protective Committee and aided said Committee and its representatives in conducting proxy solicitations in opposition to the management of UIC;
 
 
 8
 '(iii) stating that the defendants Bernard F. Gira and Herbert J. Petersen are not participating with the Stockholders' Protective Committee in soliciting proxies in opposition to the management of UIC;
 
 
 9
 '(iv) stating that the formation of the Stockholders' Protective Committee was initiated solely as a result of complaints of the defendants Elmer M. Luther, Jr. and Roy L. Williams;
 
 
 10
 '(v) stating that certain losses sustained by UIC and diminution of stockholders' equity occurred during the time that Bernard F. Fein was Chairman of the Executive Committee; or voting any proxy of any stockholder of UIC now held by the defendants UIC Stockholders' Protective Committee, Stanley E. Henwood, Richard I. Roemer or Lewis M. Poe as proxies for said Committee, or any substitute for any such proxy holder or voting any such proxy which is not received pursuant to a solicitation made subsequent to the entry of this decree, in accordance with Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78n(a), and Regulation 14, 17 C.F.R. 240.14.
 
 
 11
 'II.
 
 
 12
 'IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants Bernard F. Gira and Herbert J. Petersen shall and they hereby are commanded to comply with Rule 14a-11 of Regulation 14, 17 C.F.R. 240.14a-11, by filing with the Securities and Exchange Commission and with each national securities exchange upon which the common or preferred stock of United Industrial Corporation is registered a correct statement in duplicate containing the information specified by Schedule 14B of Regulation 14, concerning their participation in the solicitation of proxies in respect of the common and preferred stock of UIC.
 
 
 13
 'III.
 
 
 14
 'IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant United Industrial Corporation, its officers, directors, employees, and attorneys, and each of them, be and they hereby are restrained and enjoined from holding any meeting of stockholders of United Industrial Corporation, except for the purpose of adjournment, until sixty days after this decree becomes final.
 
 
 15
 'IV.
 
 
 16
 'IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this action be and the same is hereby dismissed, without prejudice, as to the defendants James V. Armogida, Robert G. Ballance, Fred A. Beshara, Nathaniel R. Dumont, Joe L. Foss, William David Lawry, Elmer M. Luther, Jr., Edward H. McLaughlin, Charles Soderstrom, John Autry Steel, Clarence L. Summers, Roy L. Williams, Louis W. Wulfekuhler and Alfred T. Zodda, individually and as members of the United Industrial Corporation Stockholders' Protective Committee.'
 
 
 17
 We agree with the findings of fact in part only. In view of the fact, however, that no stockholders' meeting of the United Industrial Corporation has been held for some months, pending determination of this litigation, we refrain from elaborating on the deficiencies of the findings.
 
 
 18
 As hereinabove modified, the judgment is affirmed.
 
 
 
 [1]
 Hereinafter referred to sometimes as SEC. United Industrial Corporation is sometimes referred to herein as UIC